IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EVAN BREWER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>  v.<br><br>KNIFE RIVER CORPORATION – NORTHWEST,<br><br>    Defendant. | Case No.: 3:25-cv-01843-AN<br><br><br>OPINION AND ORDER |

Plaintiff Evan Brewer, individually and on behalf of a putative class of similarly situated individuals, brings this employment action against defendant Knife River Corporation – Northwest for alleged violations of the Fair Labor Standards Act ("FLSA") and several Oregon wage statutes. Now pending before the Court is defendant's partial motion to dismiss plaintiff's first amended complaint. After reviewing the parties' filings, the Court finds that oral argument will not help resolve this matter. *See* Local R. 7-1(d). For the reasons stated herein, defendant's motion is GRANTED.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the

factual allegations in the plaintiff's favor. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## BACKGROUND

### A.    Plaintiff's Factual Allegations

Defendant operates a construction materials company which hires hourly workers to perform excavation and construction services. 1st Am. Compl. ("FAC"), ECF 12, ¶¶ 25-28. Plaintiff worked for defendant from August 2019 to August 2024. *Id.* ¶ 31. During that time, plaintiff and other putative class members typically worked "on the clock" for approximately ten hours per day, five days per week. *Id.* ¶ 32. For convenience, this Opinion and Order refers to plaintiff and the putative class members merely as defendant's "employees."

Plaintiff alleges that defendant underpaid its employees in several ways throughout his tenure. First, defendant required all hourly employees to arrive fifteen minutes before their scheduled start time for an unpaid "safety/pre-shift meeting." *Id.* ¶¶ 38-40. Employees who missed or were late to these meetings would be disciplined for tardiness. *Id.* ¶ 41. For example, during the workweek beginning June 8, 2024, plaintiff arrived at work fifteen minutes before each of his five daily shifts "but was not paid for the time spent performing the Pre-Shift Work" and was thus denied over an hour of overtime wages. *Id.* ¶ 48-49.[1]

---

[1] In one portion of paragraph 48, the first amended complaint refers to "Plaintiff Smith." The Court assumes this was in error and that plaintiff meant to refer to himself.

Second, defendant paid employees "non-discretionary bonuses based on clearly defined metrics but" excluded these bonuses from employees' regular pay rate calculations. *Id.* ¶¶ 50, 58-59. These bonuses were paid "based upon a pre-determined formula" to employees who met "specific criteria." *Id.* ¶¶ 53-54. For example, "in approximately the final quarter of 2023," plaintiff worked overtime and received one such non-discretionary bonus, but the bonus was not included in defendant's calculation for plaintiff's regular pay rate. *Id.* ¶¶ 57-58. Ultimately, this caused plaintiff to receive inadequate overtime pay, because defendant calculates overtime pay based on its employees' regular pay rates. *Id.* ¶¶ 58-59; *see also id.* ¶ 68 (explaining that overtime rates are calculated as one-and-one-half times employees' regular pay rates).

Third, defendants paid employees "at varying hourly rates, depending on the work being performed, but failed to blend the rates together when calculating" the regular pay rates. *Id.* ¶ 51. Once again, this caused plaintiff to receive inadequate overtime pay. *See id.* ¶¶ 58-59. Fourth and finally, plaintiff alleges that defendant failed to timely pay its employees. *See id.* ¶¶ 60-62.

According to plaintiff, defendant committed all these violations willfully. *See id.* ¶ 73. Plaintiff alleges that defendant "is a sophisticated party and employer" who "knew or should have known that it was not (and is not) compensating [its employees] for the proper amount of overtime compensation," "knew or should have known that not compensating [its employees] for all overtime hours," and caused financial injury. *Id.* ¶¶ 71, 72, 91. Plaintiff further alleges that defendant "knew it was not paying [its employees] for all hours worked as a result of its Pre-Shift Work requirements; knew it was failing to properly calculate the regular rate by not including bonuses and blended rates; and knew it was unreasonably delaying payment of all wages due to [its employees]." *Id.* ¶ 75 (enumeration omitted).

Based on these allegations, plaintiff brings claims for failure to pay wages and overtime under the FLSA and underpaid overtime in violation of Oregon law. *Id.* at 13-15.

**B.    Procedural History**

Plaintiff filed his initial complaint on October 8, 2025, ECF 1, and the operative first amended complaint on November 14, 2025. Defendant moved to dismiss portions of plaintiff's FLSA claim on

3

December 8, 2025.  Def. Mot., ECF 18.  Plaintiff filed a response in opposition on December 18, 2025.  Pl. Resp., ECF 19.  Defendant filed its reply on January 2, 2026.  Def. Reply, ECF 20.

## DISCUSSION

Defendant argues that plaintiff has provided insufficient factual allegations to support the portions of his FLSA claim regarding (1) non-discretionary bonuses, (2) blended rates; (3) untimely pay; and (4) willfulness.  Defendant seeks dismissal with prejudice as to the pertinent portions of plaintiff's FLSA claim.  Each contested portion is considered in turn below.

### A.    Non-Discretionary Bonuses

Plaintiff's non-discretionary bonus allegations are sparse and conclusory.  As noted above, plaintiff alleges that defendant failed to include non-discretionary bonuses in its pay rate calculations, leading it to miscalculate the appropriate overtime rate and ultimately causing it to underpay its employees.  *See* FAC ¶¶ 6, 51.  To support this, plaintiff alleges that said bonuses were "based on clearly defined metrics," "were meant to encourage and motivate [defendant's employees] to work harder and to reward them for their hard work," "were based on a pre-determined formula," and were conditioned on employees meeting "specific criteria."  *Id.* ¶¶ 50, 52-54.  That is, effectively, a restatement of the statute.  *See* 29 C.F.R. § 778.211(d) (providing that bonuses are discretionary where the amount is "determined at the sole discretion of the employer at or near the end of the periods," and "not paid pursuant to any prior contract, agreement, or promise," as exemplified by bonuses paid "to employees who made unique or extraordinary efforts which are not awarded according to pre-established criteria"); *see also id.* § 778.211(c) (noting that bonuses may be non-discretionary where they "are announced to employees to induce them to work more steadily or more rapidly or more efficiently").  Plaintiff provides no details about the defined metrics, the pre-determined formula, or the specific criteria required.  Without more, plaintiff's conclusory allegations do not establish plausibility.  *See Sauls v. Computershare Inc.*, No. 2:24-cv-03164-DAD-AC, 2025 WL 2788047, at *15 (E.D. Cal. Oct. 1, 2025) (collecting cases and dismissing overtime claim that did "not describe the nature of the bonuses or remuneration to which plaintiff claims she was entitled, nor . . . allege facts sufficient for the court to conclude when plaintiff received any such bonuses or remuneration").

4

The only additional allegation plaintiff includes is an example of one such underpayment.  Plaintiff alleges that he "completed an assigned job for which he received a non-discretionary job bonus in approximately the final quarter of 2023."  *Id.* ¶ 57.  That example is not enough to save plaintiff's claim under Ninth Circuit law.

In *Landers v. Quality Communications, Inc.*, the Ninth Circuit held that "a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek."  771 F.3d 638, 644-45 (9th Cir. 2014) (collecting cases), *as amended* (Jan. 26, 2015).  Examples can be used to meet this standard, as can "estimating the length of [a plaintiff's] average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility."  *Id.* at 645.  "[D]etailed factual allegations regarding the number of overtime hours worked," however, "are not required."  *Id.* at 644.  The plaintiff in *Landers* "alleged that the defendants implemented a de facto piecework no overtime system and/or failed to pay minimum wages and/or overtime wages for the hours worked," but the plaintiff failed to include "any detail regarding a given workweek when [the plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages."  *Id.* at 646 (italics and quotation marks omitted).  The Ninth Circuit affirmed the district court's dismissal because the plaintiff "did not allege facts showing that there was a given week in which he was entitled to but denied minimum wages or overtime wages."  *Id.* at 645.  In a subsequent unpublished opinion, *Boon v. Canon Business Solutions, Inc.*, the Ninth Circuit clarified that *Landers* does not require a plaintiff to "estimate . . . how much uncompensated time was worked, how often, and at what rate to survive a motion to dismiss."  592 F. App'x 631, 632 (9th Cir. 2015) (cleaned up).  Rather, the Ninth Circuit found it sufficient that the plaintiff in *Boon* "identified tasks for which he was not paid and alleged that he regularly worked more than eight hours in a day and forty hours in a week."  *Id.*

Against this backdrop, plaintiff's alleged example falls short.  Plaintiff does not provide any details about the "assigned job" he completed or about the "non-discretionary bonus" he received.  FAC ¶ 57.  And

though the example is somewhat time constrained, that alone is not enough to save plaintiff's claim.  *See McElroy v. Vitalant*, No. 25-cv-02996-RS, 2025 WL 3552403, at \*5 (N.D. Cal. Dec. 11, 2025) (granting motion to dismiss overtime claim where the plaintiff only provided "one date and one allegedly off-the-clock task").  As *Boon* helps clarify, the focus of *Landers* is not on naming a specific date, but on providing "sufficient detail about the length and frequency of [the plaintiff's] unpaid work to support a reasonable inference that he worked more than forty hours in a given week."  *Landers*, 771 F.3d at 646 (cleaned up); *see also Cook v. Matrix Absence Mgmt., Inc.*, 737 F. Supp. 3d 885, 890 (N.D. Cal. 2024) ("Rather than establishing a special pleading standard for wage and hour cases, *Landers* simply applied the regular Rule 8 requirement that a plaintiff's factual allegations must be detailed enough to plausibly suggest entitlement to relief.").  Plaintiff's allegations, when considered together, are not enough to plausibly suggest entitlement to relief on the portion of his claim concerning non-discretionary bonuses.

**B.      Blended Rates**

Plaintiff's blended rate allegations are even further lacking.  All that plaintiff alleges is that defendant paid its employees at "varying hourly rates, depending on the work being performed, but failed to blend the rates together when calculating [their] regular rate of pay," and that this caused plaintiff to receive inadequate overtime pay.  FAC ¶ 51; *see also id.* ¶¶ 59, 75.  Those scant, conclusory allegations do not plausibly suggest plaintiff's entitlement to relief.

**C.      Untimely Pay**

Although plaintiff's untimely pay allegations are a bit more detailed, they still fall short of crossing the plausibility threshold.  Plaintiff alleges that defendant knowingly "failed to include several compensable hours of compensation in the pay period in which they were earned and instead paid those hours in a later week," that plaintiff was "not paid on time and had several hours of work paid weeks after the work was actually performed and at the incorrect rates," and that defendant "shifted hours worked into other weeks to make it appear on paper that [defendant] was not violating the Department of Transportation's hours of service requirements."  FAC ¶¶ 7, 61-62, 67.  Plaintiff alleges, "[f]or example, [that] in several weeks during his employment . . . Plaintiff worked overtime hours which were not paid in the weeks in which they were

6

earned," and that defendant "shifted those overtime hours into later weeks and paid them at a straight time rate, weeks after they were actually worked." *Id.* ¶ 65.

Courts within this District have come out both ways when faced with similar allegations. For example, in *Berger v. DIRECTV, Inc.*, the court found that "the *Landers* standard, as analyzed by the Ninth Circuit in *Boon*, [was] satisfied" where the plaintiffs alleged "that they 'routinely' worked 50 and 60 hours per week" and that "they were not paid overtime compensation." No. 3:14-cv-01661-PK, 2015 WL 1799996, at *8-9 (D. Or. Apr. 16, 2015). On the other hand, the court in *Ferguson v. Smith* dismissed the plaintiff's claim where it did "not allege at least one workweek when they worked in excess of forty hours and were not paid for the excess hours in that workweek." No. 3:18-cv-00372-SB, 2018 WL 3733665, at *7 (D. Or. July 18, 2018), *report and recommendation adopted*, 2018 WL 3732657 (D. Or. Aug. 6, 2018).

As discussed above, this Court does not read *Landers* to require the pleading of a specific date on which the plaintiff was underpaid. However, this Court does read *Landers* to require more than plaintiff has offered here. Plaintiff does not describe any specific tasks for which he was underpaid, provide any details about how many excess hours he worked, or include any other factual information to support his claim. The absence of these allegations is particularly troubling because plaintiff's existing allegations also appear somewhat contradictory. On one hand, plaintiff alleges that defendant "shifted hours worked into other weeks to make it appear on paper that [defendant] was not violating the Department of Transportation's hours of service rules," but that defendant "eventually paid [its employees] their outstanding wages." FAC ¶¶ 7, 64. Under these allegations, it appears that plaintiff was paid his rightful wage for these overtime hours—albeit late and without liquidated damages compensating for the delay. *See id.* On the other hand, plaintiff alleges that defendant "shifted . . . overtime hours into later weeks and paid them at a straight time rate, weeks after they were actually worked." *Id.* ¶ 65. Under these allegations, it appears that plaintiff was not paid his rightful wage for these overtime hours because they were paid at a lower regular pay rate. It is not clear from the pleadings whether these allegations are actually contradictory or whether they are simply meant to refer to two separate sets of weeks. But that confusion exemplifies why the allegations are insufficient as pleaded. Without more detail, the Court must dismiss plaintiff's

7

untimely pay allegations.

**D.      Willfulness**

Defendant's final challenge is to plaintiff's allegations of willfulness, which are relevant to the statute of limitations. *See* 29 U.S.C. § 255. Plaintiff alleges, without basis or detail, that defendant knew it was committing various violations and that it did so pursuant to some unnamed policies and practices—but nothing is provided that shows how or when defendant knew of these violations beyond defendant's general "sophistication." *See* FAC ¶¶ 75, 91, 99. That is not enough. *See Trout v. County of Madera*, No. 24-2956, 2025 WL 1367830, at *1 (9th Cir. May 12, 2025) ("A conclusory allegation of knowledge is insufficient[.]"); *see also D'Amore v. Caesars Enter. Servs., LLC*, No. 2:18-CV-1990-JCM (VCF), 2019 WL 8128166, at *4 (D. Nev. Dec. 16, 2019) (finding the plaintiff's "bare assertions" of willfulness to be implausible). Plaintiff's willfulness allegations are too conclusory and sparse to withstand defendant's motion to dismiss.

## CONCLUSION

For the reasons stated herein, defendant's partial motion to dismiss, ECF 18, is GRANTED. The portions of plaintiff's FLSA claim regarding non-discretionary bonuses, blended rates, and untimely pay are DISMISSED, as are plaintiff's allegations regarding willfulness. Plaintiff is therefore granted leave to amend his complaint to cure the deficiencies identified in this Opinion and Order. If plaintiff chooses to amend his complaint, he must do so within thirty (30) days. Plaintiff may not add any new parties or claims to the amended complaint without first seeking leave of the Court.


IT IS SO ORDERED.


DATED this 7th day of August, 2026.

Adrienne Nelson
United States District Judge